UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 19-1856(DSD/DTS)

Tim Walsh, Julie Walsh, Gregory
Ketchum, Patricia Ketchum, Peter
Murphy, Sam Peterson, and Frank
Baca, on Behalf of Themselves and
All Others Similarly Situated,

Plaintiffs,

v.                                                **ORDER**

Clifford M. Buchholz, Michael J.
Herold, Ryan A. Martorano, Mick A.
Occhiato, Frank R. Ramirez, Brent
M. T. Keele, Stephen D. Tebo,
Jerry Morgensen, James L. Parke,
Joseph D. Schofield, III, St.
Renatus, LLC, and Sr Merger Sub,
LLC,

Defendants.

Stephen J. Oddo, Esq. and Robbins LLP, 5060 Shoreham Place,
Suite 300, San Diego, CA 92122, counsel for plaintiffs.

Mark T. Berhow, Esq. and Hinshaw & Culbertson, LLP, 250
Nicollet Mall, Suite 1150, Minneapolis, MN 55401, counsel for
defendants Clifford M. Buchholz, Michael J. Herold, Ryan A.
Martorano, Mick A. Occhiato.

Todd M. Murphy, Esq. and Gordon Rees Scully Mansukhani, LLP,
One Forth Franklin, Suite 800, Chicago, IL 60606, counsel for
defendants Frank R. Ramirez, Brent M. T. Keele, Stephen D.
Tebo, Jerry Morgensen, James L. Parke, Joseph D. Schofield,
III, St. Renatus, LLC, and Sr Merger Sub, LLC.


This matter is before the court upon various motions by the

parties: the motions for summary judgment and to exclude expert

testimony by defendants Clifford M. Buchholz, Michael J. Herold,

Ryan A. Matorano, and Mick A. Occhiato (the Apollonia Defendants);

the motion for partial summary judgment by plaintiffs Tim Walsh,
Julie Walsh, Gregory Ketchum, Patricia Ketchum, Peter Murphy, Sam
Peterson, and Frank Baca; and the motions for summary judgment and
to exclude expert testimony by defendants Brent M.T. Keele, Jerry
Morgensen, James L. Parke, Frank R. Ramirez, SR Merger Sub, LLC,
Joseph Schofield, III, and Stephen D. Tebo, and St. Renatus, LLC
(the St. Renatus Defendants).  Based on a review of the file,
record, and proceedings herein, and for the following reasons, the
court denies defendants' motions and grants in part plaintiffs'
motion for partial summary judgment.

## BACKGROUND

This putative class action arises from Apollonia, LLC's
merger with St. Renatus, LLC.  In support of the many motions
presented, the parties submitted – and the court has carefully
reviewed - hundreds of pages of briefing and numerous boxes of
documents.  The court has determined that there are ample genuine
issues of material fact precluding summary judgment on the claims
raised in this case. As such, the court will not set forth all of
the disputed facts and theories at issue, but rather will address
certain legal issues that may serve to streamline the inevitable
trial in this matter.  Before turning to those issues, the court
will provide a brief synopsis of the case.

Apollonia was a Minnesota company founded by Mark Kollar and James Mulvahill. Apollonia owned patent rights relating to a nasal spray dental anesthetic known as Kovanaze. St. Renatus is a Delaware company, also founded by Kollar and Mulvahill, that was created to market Kovanaze.

Plaintiffs are holders of common units of Apollonia. The Apollonia Defendants are Apollonia board members who approved the merger with St. Renatus. The St. Renatus Defendants include St. Renatus, its board members who also approved the merger, and SR Merger Sub, LLC, its wholly owned subsidiary.[1]

On March 31, 2008, Apollonia agreed to transfer its patent rights and related intellectual property to St. Renatus in exchange for a 10% royalty on the sale of products that "involve anesthetizing a portion or all of a patient's maxillary dental arch using a nasally delivered anesthetizing composition." Berhow Decl. Ex. 1, at 3. Following that transfer, Apollonia had no ongoing operations and its sole asset was its right to royalties from St. Renatus.

According to plaintiffs, St. Renatus failed to adequately market Kovanaze, which resulted in "grave economic peril" to the

---

[1] The claims against SR Merger Sub have been withdrawn.

3

company.  Am. Compl. ¶¶ 3, 43-44.  Given its dire circumstances,
St. Renatus decided to (1) acquire Apollonia in order to remove
the royalty obligation, and (2) "attempt to reengage investors,
lenders, and/or strategic partners on terms more favorable to St.
Renatus and its investors."  Id. ¶ 45.  Apollonia's founders,
Kollar and Mulvahill, apparently were not in favor of eliminating
St. Renatus's royalty obligation, however.  Id. ¶ 46.  Plaintiffs
allege that St. Renatus effectively bullied Kollar and Mulvahill
into relinquishing more than 1.2 million voting units in Apollonia,
a majority stake in Apollonia, in October 2017.  Id.  Plaintiffs
specifically allege that St. Renatus threatened Kollar and
Mulvahill with lawsuits and federal investigations and engaged in
"secretive acts of collusion between the former managing officer
of Apollonia and St. Renatus executives."  Id.

Plaintiffs also allege that defendants colluded to persuade
Apollonia unit holders to approve the merger to their financial
detriment by providing false and incomplete information and by
essentially self-dealing.  The Apollonia unit holders ultimately
approved the merger in exchange for 200,000 newly issued common
units of St. Renatus in April 2019.

On June 3, 2019, plaintiffs filed a putative class action
complaint against defendants in Hennepin County District Court.
Defendants timely removed to this court.  Plaintiffs filed an

amended complaint on November 26, 2019, alleging breach of
fiduciary duty by the Apollonia Defendants and aiding and abetting
breach of fiduciary duty by the St. Renatus Defendants.  Plaintiffs
seek declaratory relief, rescission of the merger agreement,
damages, the imposition of a constructive trust, and attorney's
fees and costs.  On August 24, 2020, the court certified the class
to include "All holders of Apollonia, LLC common units at the time
of the acquisition of Apollonia, LLC by St. Renatus, LLC."  ECF
No. 67, at 13.  The court also appointed plaintiffs Peterson and
Baca as class representatives.  Id. at 14.


**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
A fact is material only when its resolution affects the outcome of
the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).  A dispute is genuine if the evidence is such that it could
cause a reasonable jury to return a verdict for either party.  See
id. at 252.

5

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists – or cannot exist – about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

As noted, the court has determined that there are myriad factual disputes precluding summary judgment on the core issues of whether the Apollonia Defendants breached their fiduciary duties to plaintiffs and whether the St. Renatus Defendants aided and abetted that alleged breach of fiduciary duty.  The court therefore will turn to the discrete legal issues appropriate for pre-trial disposition.

## II. Damages

Defendants argue that plaintiffs have failed to identify any

damages with respect to their claims. They contend that plaintiffs' expert Matthew Morris did not sufficiently establish the required damages in his report. Morris opines as to the value of the Kovaneze business, i.e., "the Kovaneze product and the rights to commercialize, market and sell the Kovaneze product." Morris Dep. at 44:10-45:7. He did not appraise the value of Apollonia's units at the time of the merger, however. According to defendants, Morris's failure to do so is fatal to plaintiffs' claims. The court disagrees.

Given that the Kovaneze product is the single asset underlying the companies involved in this case, its value is highly probative as to the relative value of the Apollonia units at the time of the merger. Although Morris may not have provided a definitive value for the units themselves, he was not required to do so. See Mary Ellen Enters. V. Camex, Inc., 68 F.3d 1065, 1071 (8th Cir. 1995) ("Once liability is established, mathematical certainty in computing damages is not required; there must only be a reasonable basis upon which to approximate the amount."). The jury may determine damages, if appropriate, based on the data that will been provided at trial by Morris and other witnesses.

### III. Standing

The St. Renatus Defendants argue that plaintiff and class representative Frank Baca and plaintiffs Gregory and Patricia Ketchum lack standing to pursue their claims because they did not directly own Apollonia units at the time of the merger.  Rather, Baca's company, Poncho & Angel, LLC, and the Ketchums' company, Spirit-Centered Wellness, LLC, owned the units.  According to St. Renatus, this means that Baca and the Ketchums did not sustain a direct and actionable injury, as required to establish Article III standing.  The court is unpersuaded.  Although they were not direct owners of the Apollonia units, it is undisputed that Baca and the Ketchums were beneficial owners of the units given their ownership interests in the businesses that owned the units.  In other words, if the businesses were injured financially by the terms of the merger, then so were the businesses' owners.  Under these circumstances, the injury to Baca and the Ketchums is self-evident and does not compel the court to conclude that they lack standing.

### IV.  Entire Fairness versus the Business Judgment Rule

The parties dispute whether the merger should be assessed under the entire fairness doctrine or the business judgment rule. The entire fairness doctrine applies when a company's board acts under actual conflicts of interests, as alleged here.  In re Trados

Inc. Shareholder Litig., 73 A.3d 17, 44 (De. Ch. Ct. 2013).[2]  The
doctrine requires defendants to establish that "the transaction
was the product of both fair dealing and fair price."  Id.
(internal citation, quotation marks, and emphasis omitted).

The business judgment rule, on the other hand, is a
"presumption ... to protect boards of directors against
shareholder claims that the board made unprofitable business
decisions." Gordon v. Consulting Radiologists, Ltd., No. A18-2079,
2019 WL 2495673, at *4 (Minn. Ct. App. June 17, 2019) (quoting In
re UnitedHealth Grp. Inc. S'holder Derivative Litig., 754 N.W.2d
544, 551 (Minn. 2008)).  The court in Gordon made clear that the
business judgment rule applies where a shareholder sues a director
derivatively for corporate losses or claims that a director made
an unprofitable business decision.  Id. It made equally clear that
the business judgment rule is "irrelevant" to breach-of-fiduciary-
duty claims, as raised here.  Id.  Given this guidance, the court
agrees that the business judgment rule is inapplicable and that
defendants must establish the entire fairness of the merger to
prevail.  In this respect, plaintiffs' motion for partial summary
judgment is granted.

---

[2]  The parties agree that Delaware law provides persuasive
guidance in this case.

**V.   Application of the Ratification Defense**

Plaintiffs argue that the Apollonia Defendants should be precluded from relying on the affirmative defense of ratification under these circumstances.  Under Minnesota law, a transaction between a corporation and an organization, in or of which the corporation's directors are also directors, officers, legal representatives, or have a material financial interest in, is not void or voidable if:

> the transaction was ... fair and reasonable as to the corporation at the time it was authorized, approved, or ratified; [or] [t]he material facts as to the contract or transaction and as to the director's or directors' interest are fully disclosed or known to the holders of all outstanding shares, whether or not entitled to vote, and the contract or transaction is approved in good faith by (1) the holders of two-thirds of the voting power of the shares entitled to vote which are owned by persons other than the interested director or directors, or (2) the unanimous affirmative vote of the holders of all outstanding shares, whether or not entitled to vote.

Minn. Stat. § 302A.255, subdiv. 1.

In order to establish the ratification defense, the Apollonia Defendants must prove that plaintiffs had full and complete knowledge of all the material facts concerning the merger and that they knowingly and voluntarily assented to the merger.  See Karlen v. Ray E. Friedman & Co. Commodities, 688 F.2d 1193, 1198 (8th Cir. 1982).  As noted, there are genuine

10

issues of material fact concerning whether plaintiffs were provided all information material to the transaction, including possible conflicts of interest among the various defendants. Given those disputes, the court cannot conclude as a matter of law that the ratification defense does not apply.

**VI.  Necessity of Expert Testimony**

The St. Renatus Defendants argue that plaintiffs cannot establish a breach of fiduciary duty by the Apollonia Defendants – and therefore cannot establish that they aided and abetted such a breach of fiduciary duty – because they have not disclosed an expert witness to address that issue.  The cases the St. Renatus Defendants rely on for this proposition are inapposite, however. In Gottleib v. Willis, No. 12-cv-2673, 2012 WL 5439274, at *3 (D. Minn. Nov. 7, 2012), the court determined that the plaintiff was unlikely to succeed on her breach-of-fiduciary claim because she failed to submit "so much as a declaration averring that the information she seeks would be material to her vote, much less an expert affidavit stating that a reasonable investor would likely find the omitted information material."  The court did not hold that expert testimony is required to establish a breach-of-fiduciary-duty claim.

Veblen District v. Multi-Community Cooperative Dairy, 813 N.W.2d 161, 164-65 (S.D. 2012), likewise fails to support the St. Renatus Defendants' argument.  In Veblen, which involved a breach-of-fiduciary-duty claim, among others, the court noted that an expert witness was required to explain the contents of a forensic audit given the court's inability to independently decipher the audit.  Id.  Absent such expert testimony, the court held that the plaintiffs "have not guided [the] Court to any evidence that supports their assertion that Defendants acted wrongly."  Id. at 165.   Here, the issue of whether defendants' conduct was inconsistent with their fiduciary obligations does not require parsing a complicated forensic audit, but rather can be determined by the jury on the basis of evidence that will be presented by both sides at trial.

## VII. Challenged Expert Testimony

Defendants seek to exclude plaintiffs' expert witnesses John Herman (intellectual property counsel), Matthew Morris (damages), and Daniel Morrissey (aiding and abetting).

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill experience, training or education may testify in the form of an opinion or otherwise." An expert may testify if:

> [T]he expert's scientific, technical, or other
> specialized will help the trier of fact to understand
> the evidence or to determine a fact in issue; the
> testimony is based on sufficient facts or data; the
> testimony is the product of reliable principles and
> methods; and the expert has reliably applied the
> principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d).   Under Rule 702, the court acts as a gatekeeper to determine "whether the witness is qualified to offer expert testimony."  Schmidt v. City of Bella Villa, 557 F.3d 564, 570 (8th Cir. 2009) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993)).   An expert must possess the "knowledge, skill, experience, training, or education sufficient to assist the trier of fact ...."  Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006) (citation and internal quotation marks omitted). This standard is satisfied when the expert's testimony "advances the trier of fact's understanding to any degree."  Id. (citation and internal quotation marks omitted).

After careful review, the court is satisfied that plaintiffs' experts are sufficiently qualified and reliable to opine on the specific issues relevant to this case and that their testimony will be helpful to the jury.  As a result, the motions to exclude their testimony are denied.  The parties may still raise challenges to the factual basis and scope of the expert witnesses' opinions on cross-examination, as those challenges go to credibility rather

than admissibility.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The Apollonia Defendants' motion for summary judgment [ECF No. 114] is denied;

2.   The Apollonia Defendants' motions to exclude the expert testimony of John Herman and Matthew Morris [ECF Nos. 115, 116] are denied without prejudice subject to appropriate objections at trial;

3.   Plaintiffs' motion for partial summary judgment [ECF No. 120] is granted in part as set forth above;

4.   The St. Renatus Defendants' motion to exclude expert testimony [ECF No. 128] is denied without prejudice subject to appropriate objections at trial;

5.   The St. Renatus Defendants' motion for summary judgment [ECF No. 134] is denied; and

6.   SR Merger Sub, LLC is dismissed from the case on agreement of the parties.

Dated: May 11, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court

14