**RECEIVED**

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

FEB 03 2025

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

TIM WALSH, JULIE WALSH, GREGORY KETCHUM,         )
PATRICIA KETCHUM, PETER MURPHY, SAM
PETERSON, and FRANK BACA, on                     ) Case No.: 0:19-cv-01856-JWB-DTS

Behalf of Themselves and All Others Similarly    )
Situated,
                                                 ) **REQUEST FOR CLARIFICATION OF PROPOSED**
Plaintiffs,                                        **SETTLEMENT TO INCLUDE 2 SUBCLASSES OF**
                                                 ) **PLAINTIFFS IN THE PLAN OF ALLOCATION BY**
v.                                               ) **CLAIMANT, SARVJIT GILL, MEMBER OF**
                                                   **PLAINTIFF CLASS**
CLIFFORD M. BUCHHOLZ, MICHAEL J. HEROLD, RYAN )
A. MARTORANO, MICK A. OCCHIATO, FRANK R.
RAMIREZ, BRENT M. T. KEELE, STEPHEN D. TEBO,     )
JERRY MORGENSEN, JAMES L. PARKE, JOSEPH D.
SCHOFIELD, III, ST. RENATUS, LLC, and SR MERGER  )
SUB, LLC,                                        )

Defendants.                                      )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

                                                 )

**SCANNED**
FEB 03 2025
U.S. DISTRICT COURT ST. PAUL

Class Plaintiff, Sarjvit Gill, hereby requests the court for clarification of the proposed settlement and states as follows:

1.  The Stipulation of Settlement under paragraph 1.35 at page 17, of such document, describes a "Plan of Allocation" under a proposed plan or formula of allocation of the Net Settlement Fund to the Authorized Claimants prepared by Lead Class Counsel.

2.  At the time of filing this pleading, no proposed plan or formula of allocation has been provided by Lead Class Counsel as to whether there are subclasses in the list of "Authorized Claimants".

3.  Claimant has discussed the issue with Lead Class Counsel his belief there are two subclasses of Apollonia Investors which should have different allocations of distributions.

4.  Lead Class Counsel advised Claimant that he believes all pre-merger Apollonia Investors should be treated identically even though some pre-merger investors received stock in St. Renatus as a result of the merger.

5.  The original merger agreement between Apollonia and St. Renatus created two classes of Apollonia investors, those that approved the merger, waived rights and received stock in St. Renatus and those investors that did not approve the merger and therefore preserved their rights and did not receive stock in St. Renatus.

6.  Claimant does not dispute the amount to be distributed to the Plaintiffs as a whole, however, Claimant believes that there are two subclasses of Apollonia shareholders. (Those that received shares in St Renatus and those that did not. Claimant believes that shareholders who did not receive shares in St Renatus will be financially disadvantaged and that all shareholders should be equitably compensated)

7.  As per the Merger agreement; Allocation of Merger Considerations to Apollonia Unitholders Pg. 31-32 of Merger agreement, attached hereto. The Apollonia members who willfully participated in the merger and received shares in St Renatus "received a return of their Invested Cash in the form of St Renatus common units".

8.  Per the Apollonia Operating agreement (See FIRST AMENDED AND RESTATED MEMBER CONTROL AND OPERATING AGREEMENT OF APOLLONIA, LLC, (A MINNESOTA LIMITED LIABILITY COMPANY), 4.2 page 6) attached hereto. States that "after each member and the financial Assignees have received a return of their Invested Cash, further Distributions of Net Cash Flow will be made in proportion to each members Percentage Interests"

9.  Claimant believes that the Apollonia investors who received stock in St. Renatus, received a
    return of their invested cash per the merger documents. Claimant believes that such stock has
    value for purposes of capital gains or losses which the other non-consenting Apollonia investors
    do not have.

10. St. Renatus is still the holder of several patents, most recently issued patent was in 2019 which
    may have marketable value, or in the alternative if St. Renatus should file for bankruptcy, the
    stock has a capital loss value that can be used for income tax deduction purposes that only the
    shareholders who received St Renatus stock will benefit from.

11. Claimant believes that the Apollonia investors who approved the merger, waived rights and have
    already received stock in St. Renatus should be considered to have their "Invested Cash"
    returned in the form of St Renatus stock per the merger agreement.

12. Claimant believes that the Apollonia members who did not receive St Renatus stock have not yet
    had a return of their "Invested Cash". These shareholders should get their invested cash
    returned and any remaining subsequent funds should be allocated proportionate to each
    member's percentage interest as per the Apollonia operating agreement.

13. Claimant is unaware of any disgorgement of the stock received by the Apollonia Investors who
    approved the merger and waived their rights thus entitling them to the same share or allocation
    of the Apollonia investors who did not waive their rights.

14. The Plaintiffs who filed the original lawsuit were pre-merger Apollonia investors who did not
    participate in the merger, did not waive their rights to proceed forward for pursuing their claims
    for  breach of fiduciary duty, and did not receive any stock in St. Renatus.

15. Upon information and belief, St. Renatus would have the list of investors of Apollonia who
    approved the merger, waived rights, and received stock and the list of Apollonia investors who
    did not approve the merger, preserved their rights, and did not receive stock.

16. Claimant believes that the Apollonia Investors who received St. Renatus stock will be financially
    compensated more favorably compared to the Apollonia investors who did not receive stock.

17. Claimant tried in good faith to inform the class representatives of the concerns raised. He
    requested Lead Counsel to provide contact information of the class representatives and was
    informed by Lead Counsel that he had spoken to five of the representatives and the class
    representatives had no desire to talk with Claimant. Claimant was able to contact Head
    representative of class, Frank Baca and share these valid concerns. Head Class representative
    was unaware of the concerns raised by Claimant, and upon further review agreed with the
    Claimant and will also file these concerns with the Court.

18. Claimant believes that Lead Class counsel or an independent third party can devise a formula
    that equitably allocates the settlement proceeds to the two different subclasses of Apollonia

investors and that adheres lawfully to the Merger documents and Apollonia operating agreement.

19. Claimant asks the Court to have Lead Counsel or independent third party adhere to the Merger Document and Apollonia Operating agreement as written. Claimant also asks that the Allocations of settlement funds as per the settlement agreement be in accordance with the above documents.

20. WHEREFORE Claimant, Sarjvit Gill, requests clarification from the Court in the Order approving the settlement that requires Lead Class Counsel or independent third party to develop the formula for allocation, creating two subclasses for Apollonia investors and that the investors who did not approve the merger, did not waive their rights and did not receive St Renatus stock would receive their Net Cash returned. Following this, if there are proceeds available distributions will be made proportion to each member's percentage interests to all eligible shareholders.

Dated this **28**th day of January, 2025.

Sarvjit Gill, MD
Founder Gill Anesthesia, LLL precursor to Apollonia
Former Medical Director Apollonia, LLC
Former Medical Director St Renatus, LLC
Address: 6 864 Silver Mist Lane
Fort Collins, CO 80528
Telephone No.:
970 -227- 4202

## CERTFICATE OF SERVICE

**Court Clerk**
**United States District Court for the District of Minnesota,**
**316 N. Robert Street, Suite 100, St. Paul, MN 55101**

**Stephen J. Oddo**
**ROBBINS LLP**
**5060 Shoreham Place, Suite 300**
**San Diego, CA 92122**
**619-525-3990 (office)**
**soddo@robbinsllp.com**