RECEIVED BY MAIL
FEB 05 2025
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIM WALSH, JULIE WALSH, GREGORY KETCHUM, PATRICIA KETCHUM, PETER MURPHY, SAM PETERSON, and FRANK BACA, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLIFFORD M. BUCHHOLZ, MICHAEL J. HEROLD, RYAN A. MARTORANO, MICK A. OCCHIATO, FRANK R. RAMIREZ, BRENT M. T. KEELE, STEPHEN D. TEBO, JERRY MORGENSEN, JAMES L. PARKE, JOSEPH D. SCHOFIELD, III, ST. RENATUS, LLC, and SR MERGER SUB, LLC,<br><br>Defendants. | Case No.: 0:19-cv-01856-JWB-DTS<br><br>**REQUEST FOR CLARIFICATION OF PROPOSED SETTLEMENT TO INCLUDE 2 SUBCLASSES OF PLAINTIFFS IN THE PLAN OF ALLOCATION BY CLAIMANT, FRANK & DELFINA BACA/PANCHO AND ANGEL LLC, HEAD REPRESENATIVE OF CLASS** |

SCANNED
FEB 05 2025  CK
U.S. DISTRICT COURT ST. PAUL

Head Representative of the Class and Class Plaintiff, Frank & Delfina Baca, hereby requests the court for clarification of the proposed settlement and states as follows:

1. The Stipulation of Settlement under paragraph 1.35 at page 17, of such document, describes a "Plan of Allocation" under a proposed plan or formula of allocation of the Net Settlement Fund to the Authorized Claimants prepared by Lead Class Counsel.

2. At the time of filing this pleading, no proposed plan or formula of allocation has been provided by Lead Class Counsel as to whether there are subclasses in the list of "Authorized Claimants".

3. As Head Representative of the class it is my belief there are two subclasses of Apollonia Investors which should have different allocations of distributions for the reasons listed below.

4. Lead Class Counsel believes all pre-merger Apollonia Investors should be treated identically even though some pre-merger investors received stock in St. Renatus as a result of the merger.

5. The original merger agreement between Apollonia and St. Renatus created two classes of Apollonia investors, those that approved the merger, waived rights and received stock in St. Renatus and those investors that did not approve the merger and therefore preserved their rights and did not receive stock in St. Renatus.

6. As Head Representative of the class I'm not dispute the amount to be distributed to the Plaintiffs as a whole, however, I believe that there are two subclasses of Apollonia shareholders. (Those that received shares in St Renatus and those that did not. Shareholders who did not receive shares in St Renatus will be financially disadvantaged and that all shareholders should be equitably compensated)

7. As per the Merger agreement; Allocation of Merger Considerations to Apollonia Unitholders Pg. 31-32 of Merger agreement. The Apollonia members who willfully participated in the merger and received shares in St Renatus "received a return of their Invested Cash in the form of St Renatus common units"

8. Per the Apollonia Operating agreement (See FIRST AMENDED AND RESTATED MEMBER CONTROL AND OPERATING AGREEMENT OF APOLLONIA, LLC, (A MINNESOTA LIMITED LIABILITY COMPANY), 4.2 page 6). States that "after each member and the financial Assignees have received a return of their Invested Cash, further Distributions of Net Cash Flow will be made in proportion to each members Percentage Interests"

9. Apollonia investors who received stock in St. Renatus, received a return of their invested cash per the merger documents. Such stock has value for purposes of capital gains or losses which the other non-consenting Apollonia investors do not have.

10. St. Renatus is still the holder of several patents, most recently issued patent was in 2019 for migraine headaches and other medical uses, which may have marketable value, or in the alternative if St. Renatus should file for bankruptcy, the stock has a Capital Loss Value that can be used for income tax deduction purposes that only the shareholders who received St Renatus stock will benefit from.

11. Apollonia investors who approved the merger, waived rights and have already received stock in St. Renatus should be considered to have their "Invested Cash" returned in the form of St Renatus stock per the merger agreement.

12. Apollonia members who did not receive St Renatus stock have not yet had a return of their "Invested Cash". These shareholders should get their invested cash returned and any remaining subsequent funds should be allocated proportionate to each member's percentage interest as per the Apollonia operating agreement.

13. We are unaware of any disgorgement of the stock received by the Apollonia Investors who approved the merger and waived their rights thus entitling them to the same share or allocation of the Apollonia investors who did not waive their rights.

14. The Plaintiffs who filed the original lawsuit were pre-merger Apollonia investors who did not participate in the merger, did not waive their rights to proceed forward for pursuing their claims for breach of fiduciary duty, and did not receive any stock in St. Renatus.

15. Upon information and belief, St. Renatus would have the list of investors of Apollonia who approved the merger, waived rights, and received stock and the list of Apollonia investors who did not approve the merger, preserved their rights, and did not receive stock.

16. Apollonia Investors who received St. Renatus stock will be financially compensated more favorably compared to the Apollonia investors who did not receive stock. As Head representative of the class, I do not agree with financial disenfranchisement of the shareholders who did not receive St. Renatus stock for the reasons listed previously.

17. As head Representative I would strongly recommend Lead Class counsel or an independent third party to devise a formula that equitably allocates the settlement proceeds to the two different subclasses of Apollonia investors (Those who have received a return of their "Invested Cash" in the form of St Renatus stock and those that have not yet received a return of their "Invested Cash") and that adheres lawfully to the Merger documents and Apollonia operating agreement.

18. WHEREFORE as Head Class Representative, I request clarification from the Court in the Order approving the settlement that requires Lead Class Counsel or independent third party to develop the formula for allocation, creating two subclasses for Apollonia investors and that the investors who did not approve the merger, did not waive their rights and did not receive St Renatus stock would receive their Net Cash returned first. Following this, if there are proceeds available

distributions will be made proportion to each member's percentage interests to all eligible shareholders.

Dated this __28_ day of January, 2025.

*Frank & Delfina Baca* (signature)
Frank & Delfina Baca
Pancho & Angel, LLC
Head Representative of Class
Address: 161 East 450 North Kanab, Utah 84741
Telephone No.: (435)-689-0528

### CERTFICATE OF SERVICE

Court Clerk
United States District Court for the District of Minnesota,
316 N. Robert Street, Suite 100, St. Paul, MN 55101

Stephen J. Oddo
ROBBINS LLP
5060 Shoreham Place, Suite 300
San Diego, CA 92122
619-525-3990 (office)
soddo@robbinsllp.com