# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| Tim Walsh, Julie Walsh, Gregory Ketchum, Patricia Ketchum, Peter Murphy, Frank Baca, Sam Peterson, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 19-cv-01856-JWB-DTS |
| Clifford M. Buchholz, Michael J. Herold, Ryan A. Martorano, Mick A. Occhiato, Frank R. Ramirez, Brent M.T. Keele, Stephen D. Tebo, Jerry Morgensen, James L. Parke, Joseph D. Schofield, III, St. Renatus, LLC, | |
| Defendant(s), | |

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

Accordingly, for good cause shown, and for the reasons stated on the record at the February 25, 2025 hearing, Plaintiffs' Motion (Doc. No. 250) is **GRANTED**, and **IT IS HEREBY ORDERED** as follows:

1. All capitalized terms in this Order shall have the same meaning as in the Stipulation, unless otherwise defined.

2. This Order incorporates the findings of fact and conclusions of law from the November 25, 2024 Preliminary Approval Order, which are made final.

3. This Court has jurisdiction over the subject matter and over all parties to this Action, including all Class Members.

4. On August 24, 2020, the Action was certified as a class action under Fed. R. Civ. P. 23(b)(3). (Doc. No. 67.) The Class was defined as all holders of Apollonia, LLC common

1

units at the time of the acquisition of Apollonia, LLC by St. Renatus, LLC, but excluding (a) Defendants; (b) members of the immediate family of each individually named Defendant; (c) any person who was an officer or director of St. Renatus, LLC or Apollonia, LLC at the time of the merger of those two entities; (d) any firm, trust, corporation, officer, or other entity in which any defendant has or had a controlling interest; (e) any person who participated in the wrongdoing alleged in the Amended Complaint; and (f) the legal representatives, agents, affiliates, heirs, beneficiaries, successors in interest, or assigns of any such person or entity.

5. On October 11, 2022, the Proposed Class Notice and Notice Plan were approved, and notice was sent to identifiable Class Members, giving 45 days for them to request exclusion from the Class. (Doc. No. 195.) The following individuals and entities requested exclusion: The Mandalay Trust; Robert J. Campbell; P. Scott Johnston/Ann K. Yanagi; Kurtis Hoeven; Kurtis B. Adams; Karen Fazio; and Gary Nordic/Sharon Nordic (Nordic Family LLLP).

6. On December 24, 2024, Settlement Notices were distributed by the Claims Administrator in accordance with the Stipulation and the Preliminary Approval Order. As explained in the Preliminary Approval Order, the Notices (a) constituted the best practicable notice to Class Members under the circumstances; (b) were reasonably calculated to apprise Class Members of the terms of the Stipulation and Settlement, their right to object to any aspect of the proposed Settlement, and their right to appear at the Final Approval Hearing; (c) constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement set forth in the Stipulation is **APPROVED** as fair, reasonable, adequate, and in the best interest of the Class. As explained below, the Stipulation and Settlement were the product of non-collusive arm's length negotiations among competent counsel, provide adequate relief to the Class, and treat Class Members equitably relative to each other. The record also reflects that the Class Representatives and Defendants had sufficient time to evaluate and consider their positions before agreeing to the Stipulation and Settlement.

8. The Stipulation and Settlement arose after years of hard-fought, complex litigation, which included extensive fact discovery, expert discovery, and dispositive motion practice. The parties also participated in three private mediation sessions and a

settlement conference with the Magistrate Judge over the course of two years. The Settlement arose first as a partial settlement with the Apollonia Defendants, and then after the St. Renatus Defendants accepted a mediator's proposal. Without settlement, this matter was set for a weeks-long jury trial, which would have included pretrial briefing, fact and expert witness preparation, presentation of evidence, and possibly post-trial motions and appeals.

9. Based on submissions from Class Counsel, a typical recovery in a securities class action is around 8–9% of the alleged damages; however, the Settlement here will recover closer to 25%. Although counsel maintains that they had a strong case for breach of fiduciary duty by the Apollonia Defendants and aiding and abetting that breach by the St. Renatus Defendants, demonstrating actual damage would have been difficult given that Apollonia's only asset was revenue from one product that St. Renatus was to market, and St. Renatus had no employees or operations. Especially because the Class faced the substantial cost and uncertainty of a long and complicated jury trial, the Settlement represents a tangible, immediate, and above average recovery. Defendants are able to pay because the Settlement is completely funded by insurance. As explained below, the only opposition to the Settlement concerns the Allocation Plan, not the Settlement itself.

10. Objections to the Settlement were due by February 4, 2025. A total of nine Class Members filed six nearly identical objections styled as "requests for clarification." Although the objections were timely, they failed to fully comply with the Preliminary Approval Order's procedural requirements. The filings did not include documents proving membership in the Class or identify prior class settlements to which the objector has previously objected within the last two years. Despite the procedural deficiencies, the objectors were allowed to request leave to appear at the Final Approval Hearing. One objector, Dr. Sarjvit Gill, requested leave and was allowed to appear at the Final Approval Hearing to present his objection on the record. Another objector, Frank Baca, also filed a motion for leave to appear, but the motion did not ask to appear. Rather, his motion restated the grounds for the objection and that he desired to share his thoughts as he is also one of the lead Class Representatives.

11. The objectors take issue with Class Counsel's proposed Allocation Plan, which purports to distribute payments from the Settlement Fund according to Apollonia's operating agreement. Under the operating agreement, Apollonia shareholders who acquired their units by investing capital held Priority Distribution Rights. Those with Priority Distribution Rights

3

were to have their invested cash repaid before any distribution to the remaining unitholders.

12. The objectors argue that the Allocation Plan allows for double recovery by Class Members who obtained St. Renatus shares through the Merger. The objectors point out that the Merger Agreement considered the St. Renatus shares a return of invested cash, which would satisfy the Priority Distribution Rights. Sustaining the objection would make more of the Settlement Fund available to Class Members who did not have Priority Distribution Rights under Apollonia's operating agreement. One fundamental issue with the objectors' position is that, at least in part, it adopts the Defendants' view that the Merger was fair and not the result of misconduct—which is not the view of the Class. Sustaining the objections would also rewrite the class definition and risks excluding established Class Members to the financial benefit of the objectors.

13. The Allocation Plan achieves a sufficiently fair outcome that promotes the best interests of the Class overall by distributing first to investors who lost cash out of pocket. The record shows that St. Renatus shareholders have been instructed to assign no value to the shares, that St. Renatus had no operations or prospects at the time of the merger and does not have any to date, and that those who supported the Merger or claimed St. Renatus shares could not have reasonably been fully informed when doing so. The objectors have not offered sufficient evidence that St. Renatus shares hold actual value. Outdated valuations and allegations of overlapping activities at separate companies are not evidence of current value, nor do they raise doubt over whether the Allocation Plan was developed by competent lawyers and qualified experts.

14. As written, the Allocation Plan attempts to restore as many Class Members to their positions under the Apollonia operating agreement immediately prior to the events that prompted this lawsuit. The objectors have not provided an adequate basis to alter that plan. Therefore, the objections are **OVERRULED**, and the Allocation Plan is **APPROVED** as fair, reasonable, and adequate.

15. Based on these findings, the Settling Parties are directed to implement and perform all the terms and provisions of the Stipulation and this Order. Except as to any individual claim of those who have validly and timely requested exclusion from the Class, this Action is **DISMISSED WITH PREJUDICE**. The Settling Parties are to bear their own costs, except as provided in the Stipulation and this Order.

16. No Class Member is relieved from the terms of the Settlement based on failure to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the Final Approval Hearing. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been fully discharged and the statutory waiting period has elapsed. Therefore, all Class Members are bound by the Stipulation and Settlement.

17. Upon the Effective Date, and as provided in the Stipulation, Class Representatives, each Releasing Plaintiff Party, and each of the Class Members (a) shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed all of the Released Plaintiffs' Claims against every Defendant and all other Released Defendant Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiffs' Claims against every Defendant and all other Released Defendant Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Defendant Parties, with respect to any Released Plaintiffs' Claims. Claims to enforce the terms of the Stipulation and the Settlement are not released.

18. Upon the Effective Date, and as provided in the Stipulation, Defendants and every Released Defendant Party (a) shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed all of the Released Defendants' Claims against Class Representatives, Named Plaintiffs, Lead Class Counsel, every Class Member, all other Releasing Plaintiff Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Defendants' Claims against Class Representatives, Named Plaintiffs, Lead Class Counsel, every Class Member, and all other Releasing Plaintiff Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, on their own behalf or on behalf of any class or any other Person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Plaintiff Parties with

respect to any Released Defendants' Claims. Claims to enforce the Stipulation and the Settlement are not released.

19. Neither the Stipulation, Settlement, nor any act performed or document executed pursuant to the Stipulation or Settlement shall be:

(a) offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Class Representatives and Named Plaintiffs or any Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b) offered or received against any of the Releasing Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Class Representatives and Named Plaintiffs' or Class Members' claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the amount provided in the Settlement Fund;

(c) offered or received against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Releasing Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; or

(d) construed against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial in the Action or in any proceeding.

20. Notwithstanding the preceding paragraph, the Settling Parties, Released Defendant Parties, and Releasing Plaintiff Parties may file or refer to the Stipulation to give effect to its

6

liability protections or otherwise enforce the terms of the Settlement.

21. Without affecting the finality of this Order and Judgment, this Court retains continuing jurisdiction over (a) implementation and enforcement of the Settlement terms; (b) disposition of the Settlement Fund; and (c) all parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that any portion of the Settlement Fund is returned to Defendants pursuant to ¶5.17 of the Stipulation, then this Order and Judgment shall be rendered void as provided in the Stipulation and shall be vacated. In such an event, all orders entered and releases delivered in connection with this Order shall be void, and the Settling Parties shall revert to their respective positions in this Action as of November 1, 2024, as provided in the Stipulation.

23. Without further court order, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation so long as they are consistent in all material respects with this Order and do not limit Class Member rights.

Date: 3/12/2025                                    _____KATE M. FOGARTY, CLERK_____