UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Walsh, Julie Walsh, Gregory Ketchum, Patricia Ketchum, Peter Murphy, Frank Baca, and Sam Peterson, *on Behalf of Themselves and All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Clifford M. Buchholz, Michael J. Herold, Ryan A. Martorano, Mick A. Occhiato, Frank R. Ramirez, Brent M.T. Keele, Stephen D. Tebo, Jerry Morgensen, James L. Parke, Joseph D. Schofield, III, and St. Renatus, LLC,<br><br>Defendants. | Civ. No. 19-1856 (JWB/DTS)<br><br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

In conjunction with their motion for final settlement approval, Class Counsel filed a motion for an award of attorneys' fees, reimbursement of litigation expenses, and approval of service awards. (Doc. No. 251.) Defendants do not oppose the request, and no Class Members have objected to it despite receiving notice.

From the $11,600,000 Settlement Fund, Class Counsel seeks 33.3% as a fee award, $570,371 to reimburse costs, and $150,000 for service awards ($25,000 to each Class Representative and $20,000 to each Named Plaintiff). As explained below, the requested amounts are approved as reasonable under Federal Rule of Civil Procedure 23(h), other than a slight reduction to the service awards.

Accordingly, Class Counsel's Motion for an Award of Attorneys' Fees,

Reimbursement of Litigation Expenses, and Approval of Service Awards (Doc. No. 251) is **GRANTED**, and **IT IS HEREBY ORDERED** as follows:

1. All capitalized terms in this Order shall have the same meaning as in the Stipulation of Settlement, unless otherwise defined.

2. Class Counsel's request for attorneys' fees in the amount of 33.3% of the Settlement Fund is **APPROVED**. Class Counsel tracked over 8,146 hours representing pre-filing investigation, fact and expert discovery, dispositive and non-dispositive motions, settlement negotiations, mediations, settlement conferences, and preparation for a multi-week trial. Applying the hourly rates for attorneys and staff, which range from $1,225 to $207 per hour, the tracked fees total $6,991,880. (*See* Doc. No. 256-3 at 2; Doc. No. 256-4 at 7.) This would equate to approximately 60% of the total Settlement Fund. The requested award of 33.3% of the Settlement Fund represents a negative multiplier of approximately 0.55. Compared with the lodestar calculation, the percentage preserves a greater portion of the Settlement Fund for the Class Members.

3. The requested fee award is also reasonable considering the relevant *Johnson* factors. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). A 33.3% fee award falls within the expected range for similar common fund litigation. *See, In re Resideo Techs., Inc., Secs. Litig.*, Civ. No. 19-2863 (WMW/BRT), 2022 WL 872909, at *7 (D. Minn. Mar. 24, 2022). In addition, no Class Member has objected to the requested award, even though the settlement notice specified what would be requested. As explained in the Final Settlement Approval Order, the result obtained is an above average, tangible, and immediate benefit to the class of shareholders who otherwise had received no return on

their invested capital.

Class Counsel represents that it took the case on a contingent fee. Although Class Counsel believed they had a strong case for trial, they acknowledged that they faced a difficult challenge in establishing actual harm to the Class Members. Both Class Counsel and its local liaison counsel are well experienced in class action litigation, so were no doubt aware that they risked recovering nothing at trial or having any recovery delayed or undone by post-trial motions or appeals. As described above, Class Counsel claim more than 8,000 hours were collectively spent on this matter over five years. This level of work reflects that this matter was extensively litigated and involved complex questions over the fairness of a corporate merger. These factors all support approving the requested 33.3% fee award from the Settlement Fund.

4. Class Counsel's request for $570,371 from the Settlement Fund for the costs and expenses incurred during this litigation is **APPROVED**. The reported costs predominately relate to expert fees, travel, discovery costs, mediator costs, filing fees, and document copying and preparation. (*See* Doc. No. 256-3; Doc. No. 256-4 at 9.) None of the reported expense categories appear unrelated to the case, and the amounts are reasonable given that this matter was settled on the eve of trial after years of litigation.

5. The approved fees and expenses shall be paid to Class Counsel in accordance with the terms of the Stipulation.

6. As for the requested service awards, two awards of $20,000 to the two Class Representatives and five awards of $16,000 to the five Named Plaintiffs are **APPROVED**. Service awards are meant to incentivize individuals to serve as class

representatives. *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). The amount awarded depends on the degree of involvement, benefit to the class, and amount of time and effort expended. *Id.* Awards of at least $10,000 are regularly granted by courts in the Eighth Circuit. *Id.*

7.   Each proposed recipient submitted a declaration that attested to their activities and hours spent on this matter. (*See* Doc. Nos. 256-6–256-12.) Each describes that they reviewed the complaint, responded to discovery, prepared and sat for a deposition, reviewed court filings when sent by counsel, attended conference calls, and corresponded by email. The two Class Representatives participated in mediation sessions, and the Named Plaintiffs offered their opinions during the settlement process. Though none kept specific time records, their estimated hours range from 150 to 350.

Five of the six proposed recipients also describe experiencing a "concerted pattern of harassment" after their contact information was disclosed by other shareholders, which led to months of emails, phone calls, and letters lobbying them to drop the lawsuit. While such messages can be undesirable, the evidence does not show anything beyond what is expected in a hotly contested shareholder dispute. And although the settlement achieves a substantial recovery for the Class, the declarations do not show especially valuable involvement or noteworthy time spent. On average, the proposed recipients spent the equivalent of five to six work weeks on the matter over the course of five years. Their service is commendable and will be rewarded, albeit at a lower amount than requested.

Date: March 14, 2025                *s/ Jerry W. Blackwell*
                                    JERRY W. BLACKWELL
                                    United States District Judge